McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA          2903-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:  Akiba@m4law.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Albert Hamamoto, Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Resacio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura and Keith Hirota; *Apprenticeship & Training Fund by its trustees* Conrad Murashige, Robert Donle, Ron Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* James Watanabe, Wil Ideue, Gerard Sakamoto, Paul Sasaki, James Watanabe, Jon Tesoro, Mel Fujii, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Christian Tackett, | CIVIL NO. CV 09-00612-SOM-KSC

FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT COLLINS AND SONS CONSTRUCTION, INC.

Hearing:
Date :  March 29, 2010
Time :  9:30 a.m.
Judge: Kevin S.C. Chang


TRIAL DATE: None |

Paul Silen and Mitchell Tynanes;
*Market Recovery Program by its
trustees* Thalia Choy, Alan
Shintani, Steven Hidano, Gerard
Sakamoto, Mark Kapahu, Glenn
Young, Leonard Hoshijo, Lance
Yoshimura, Peter Robb, Justin
Kochi, Bill Wilson, Lance Inouye,
Craig Fukuda and Darren Ho;
*Financial Security Fund by its
trustees* Gordon L. Scruton,
Lance Wilhelm, Conrad
Murashige, Kenneth Sakurai,
Loyce C. Morris, Ronald Taketa,
Kenneth Spence, Michael Hawes,
Kealii B. Flood, Malvin Ang,
Lance Yoshimura, Alan Shintani,
Gerry Majkut and Mark Luna;
*Drywall Training Fund by its*
trustees Vince Nihipali, Sr., Clyde
Takatsuki, Karl Sinclair, Lito
Alcantra, Denis Mactagone,
William Maglinti, Jr., Raynard
(Shayne) Chung,  Reynaldo
Tabura, Bert Beaman, Chadan
Reis and Sean Newcamp; 401-*K
Fund by its trustees* Gordon
Scruton, Conrad Murashige,
Kenneth Sakurai, Lance Wilhelm,
Loyce C. Morris, Malvin Ang,
Ronald Taketa, Lance Yoshimura,
Kenneth Spence, Michael Hawes,
Kealii B. Flood, Alan Shintani,
Gerry Majkut and Mark Luna

        Plaintiffs,

  vs.

2

225727.1

COLLINS AND SONS
CONSTRUCTION, INC.; JOHN
DOES 1-100; JANE DOES 1-100;
DOE CORPORATIONS 1-100;
DOE PARTNERSHIPS 1-100;
DOE ENTITIES 1-100; DOE
GOVERNMENTAL UNITS 1-100,

             Defendants.

_____

FINDINGS AND RECOMMENDATION TO ENTER
DEFAULT JUDGMENT AND AWARD DAMAGES
<u>AGAINST DEFENDANT COLLINS AND SONS CONSTRUCTION, LLC</u>

On October 6, 2008, Plaintiffs, Trustees of the Hawaii

Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or

"Trust Funds"), by and through their attorneys, McCorriston Miller

Mukai MacKinnon LLP, filed this action for damages against

Defendant Collins and Sons Construction, LLC (hereinafter

"Defendant"), alleging that Defendant materially breached its

collective bargaining and trust agreements (hereinafter referred to

as the "CBA") entered into by Defendant and the United

Brotherhood of Carpenters and Joiners of America, Local 745, AFL-

CIO (hereinafter referred as the "Union"). The Trust Funds' claim

that Defendant failed to contribute and pay to the Trust Funds

certain employee benefit contribution arising from work performed

3

225727.1

by Defendant's covered employees, which amounts should be paid to the Trust funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act of 1947, as amended (29 U.S.C. Section 185(a)) and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. Sections 1132 and 1145).

Service of process was made on Defendant on January 6, 2010 as is evidenced by the Return of Service filed herein on January 19, 2010.  The clerk entered default against Defendant on February 3, 2010.

On February 12, 2010, the Trust Funds filed a motion for default judgment against Defendant, seeking to recover a money judgment for contributions owed and including liquidated damages and with additional per diem interest until satisfaction of judgment, and attorneys' fees and costs to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization for the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek

225727.1

other and further damages from the Defendant arising from

unaudited hours worked by Defendant's employees.  The Trust

Funds also sought an award of attorney's fees in accordance with

the terms of the CBA and in accordance with 29 U.S.C. §

1132(g)(2)(D).  The Trust Funds' Motion for Default Judgment by

Court came on for hearing on March 23, 2010 before the

undersigned United States Judge, due notice of said hearing having

been provided to Defendant.  Lorraine H. Akiba appeared on behalf

of the Trust Funds.  Defendant failed to appear and/or respond to

the Trust Funds' Motion for Default Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default

Judgment, the attached declaration of Lorraine H. Akiba, and the

exhibits thereto, on behalf of the Trust Funds, and the record

established in this action, this Court finds as follows:

1.     At all times material herein, each of the above-named

Trust Funds was, and now is, an employee benefit plan organized

and existing under the laws of the United States and whose

principal offices are in the City and County of Honolulu, State of

Hawaii.  At all times herein mentioned, each of the above-named

225727.1

Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2.     Defendant is a Hawaii corporation doing business in the State of Hawaii.

3.     On or about July 9, 2007, Defendant made, executed and delivered to the Union, a certain written collective bargaining agreement, effective September 1, 2002, and amended and effective to and including August 31, 2007 entitled "Certification of Receipt and Acceptance Master Agreement Covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "B" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Special Residential Agreement, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4.     Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit

225727.1

trust fund contributions arising from hourly work performed by Defendant's covered employees.

5.     In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

6.     In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

A.     In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20% of delinquent trust fund

225727.1

contributions not received in accordance with the payment

deadlines set forth in the CBA.

B.      Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the

Trust Funds are entitled to recover interest from Defendant at the

rate of twelve percent (12%) per annum on any unpaid trust fund

contributions.

C.      Based on information obtained, there is now known to be

due, owing and unpaid to Plaintiffs from Defendant, contributions

and liquidated damages as follows:

Delinquent trust fund contributions for
period March 2009 through
April 2009  ........................................................... $10,482.80

Liquidated damages for period March 2009
through April 2009  .............................................. $6,444.69

401(k) lost earnings  ............................................... $485.80

Interest  ................................................................... $17.51

TOTAL  ............................................................. $17,430.80

together with additional interest at a per diem rate of twelve percent

(12%) until judgment is satisfied.

10.    Defendant's obligations to the Trust Funds to pay trust

fund contributions are continuing obligations and Defendant may

225727.1

accrue and owe additional trust fund contributions, lost earnings, and liquidated damages up to the time of trial or proof.

11.   Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds court and audit costs and reasonable attorneys' fees.

12.   Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

13.   The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after April 2009.

14.   As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the

9
225727.1

Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary."
29 U.S.C. § 1132(e)(1).

15.    An award of attorneys' fees to employee benefit plans is
mandatory in all successful actions to recover delinquent
contributions under 29 U.S.C. §§ 1132 and 1145.

16.    This Court reviewed the billing records of Plaintiffs'
counsel and upon said review, this Court finds attorneys' fees in the
total amount of $ 1,904.00, and costs in the amount of $ 583.00 to
date, including fees for the attendance at the hearing for the Motion
for Entry of Default Judgment and finalization of the order and
judgment thereafter to be reasonable, necessarily incurred, and
directly related to the services provided herein.

## **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND
RECOMMENDS that Default Judgment in favor of Plaintiffs
Trustees of the Hawaii Carpenters Trust Funds and against
Defendant for the recovery of damages in the amount of
$17,430.80, inclusive of liquidated damages and per diem interest
until satisfaction of judgment, and attorneys' fees in the amount of
$ 1,904.00, and costs in the amount of $ 583.00 to date, including

10

fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after April 2009.

DATED:  Honolulu, Hawaii, April 26, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

---------------------------------------------------------------------------------------------------

_Hawaii Carpenters Trust Funds vs. Collins and Sons Construction, Inc.,_ Civil No. CV 09-006112 SOM-KSC;  FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT COLLINS AND SONS, INC.